## MAIDMORE REALTY CO., INC.
### v.
## MAIDMORE REALTY CO., INC.
(Defendant in the Cross-Complaint)
**and**
### NATIONAL BANK OF NORTH AMERICA, Appellant

D.C. Civil Action No. 105-1971

United States Court of Appeals

Third Circuit

Argued February 2, 1973

Filed February 27, 1973

---

THOMAS ALKON, ESQ. (ISHERWOOD & COLIANNI), Christiansted, St. Croix, V.I., *counsel for appellant*

BRITAIN H. BRYANT, ESQ. (BRYANT & COSTELLO), Christiansted, St. Croix, V.I., *counsel for appellee*

Before VAN DUSEN, ROSENN, and HUNTER, *Circuit Judges*

## OPINION OF THE COURT

PER CURIAM:

In this appeal from the judgment of the District Court of the District of the Virgin Islands, the National Bank of North America, appellant, asks this court to vacate that portion of the judgment awarding attorney fees and to remand to the district court for an evidentiary hearing. National Bank of North America was awarded $3,000 in attorney's fees by the district court; it claims the district court erred in calculating this sum by not considering evidence that considerably more than $3,000 had been incurred in legal expenses in collecting the debt which was

satisfied in this judgment. We find no error in the district court's calculation of attorney fees and therefore affirm.

Determination of the proper assessment of attorney fees in the present case hinges on a close look at the progress of the underlying law suit. In 1966 the West Indies Hotel Corporation borrowed One Million Dollars from, and in exchange delivered a mortgage note to, the Meadow Brook National Bank. Ten days later Lorayne S. Hooper subordinated her prior mortgage on the West Indies property to the Meadow Brook mortgage.

Nearly five years later Hooper brought a foreclosure action against West Indies in the district court. Meadow Brook National Bank, as holder of the senior mortgage, was joined as a defendant. The National Bank of North America, as successor to Meadow Brook, filed an answer admitting all the allegations of Hooper's complaint and cross-complaining against West Indies for foreclosure of its senior mortgage. The cross-complaint sought entry of a consent judgment for the outstanding principal and interest due National, order of a foreclosure sale of the mortgaged property, a judgment and execution against West Indies for any deficiency remaining after the sale, and "court costs of this action, including a reasonable attorney's fee and such other and further relief as to the Court may seem just and proper."

Appellee, Maidmore Realty Company, by purchasing the West Indies property and the Hooper mortgage, became the successor in interest to both plaintiff and defendant after the filing of this suit. On November 10, 1971, Maidmore was substituted for the original parties by order of the court. At the same time the court granted National's motion for summary judgment against Maidmore, as cross-defendant in the original action. Maidmore filed a motion for reconsideration; but, before the court ruled on this motion, Maidmore tendered to National payment for the

outstanding principal and interest. When National, after receipt of the tender, refused to discharge the mortgage lien, Maidmore requested from the court an order accomplishing such a result.

In contesting the motion for a discharge, National for the first time sought more than reasonable attorney fees for the suit at bar. It argued at a hearing before the court that paragraph 8 of the original West Indies/Meadow Brook mortgage should be considered in awarding fees. That paragraph states:

> In the event this mortgage and the note which it secures are placed in the hands of an attorney for the collection of any payment due thereunder or for the enforcement of any of the terms, covenants and conditions thereof, the Mortgagor agrees to pay all costs of collection, including reasonable attorneys' fees incurred by the Mortgagee, either with or without the institution of an action or proceeding, and in addition, all other costs, disbursements and allowances provided by law. All such costs so incurred shall be deemed to be secured by this mortgage and collectible out of the Premises in any manner permitted by law or by this mortgage.

National argued that before the mortgage was discharged it should be awarded the $18,500 which had been incurred over the previous five years to collect overdue payments from West Indies, as provided by the aforesaid language. National offered to provide documentation that this sum had been incurred, but the district court judge refused to hear it.

Following the hearing, the district court issued a final judgment which:

> ORDERED, ADJUDGED AND DECREED, that the National Bank of North America be, and it is hereby awarded attorney's fees in the sum of $3,000.00, pursuant to the Courts [sic] discretionary powers as contained in Title 5 V.I.C. 541; and
>
> It is further Ordered that this action shall be herewith dismissed with prejudice and the aforesaid mortgage lien against the prop-

erties now owned by Maidmore Realty Co., Inc., . . . shall be and the same is hereby discharged of record. . . .

In appealing from that portion of the judgment awarding attorney's fees of $3,000, National alleges that the district court ignored the explicit language of paragraph 8 of the mortgage by awarding attorney fees only in accordance with the Virgin Island statute.[1] National argues that paragraph 8 was valid, that by its terms the court was required to consider any evidence National could present as to collection costs, and that therefore remand is necessary for an evidentiary hearing.

Appellee Maidmore contends that the district court did consider paragraph 8 in awarding attorney fees, and that the award of $3,000 represented what it considered to be a reasonable fee for National's collection efforts.

We cannot accept appellee's argument that the $3,000 award represents the amount due National in accordance with paragraph 8. The district court judge refused to hear any evidence on the collection costs which had been incurred; he expressed great reluctance to enforce the provisions of the mortgage clause:

THE COURT: Well, I can leave it to the agreement of the parties and they can bring suit for the attorneys' fees. That would be one thing. It's another thing for me to award fees for services not connected with the litigation.

And:

THE COURT: I don't think I'm going to fix any attorneys' fees for New York or other stateside counsel where the work that they performed is unconnected with the immediate action that is before

---

[1] 5 V.I.C. § 541 provides in pertinent part:
    (a) Costs which will be allowed in a civil action include:
    . . . (6) Attorney's fees as provided in subsection (b) of this section.
    (b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto.

me. So, any fee I fix would be in accordance with the provisions of this code, as I understand it.

In light of the judgment's specific reference to 5 V.I.C. § 541 and absence of any reference to paragraph 8 of the mortgage, we cannot assume other than that the $3,000 was based solely on the statute.

Although we interpret the district court judgment to have awarded attorney's fees solely on the basis of the statute, we do not believe error was thereby committed. When National filed its cross-claim, it made no declaration of any collection costs prior to filing of the claim, nor did it seek enforcement of paragraph 8 of the mortgage. The foreclosure proceedings were initially instituted by Hooper and only after Maidmore purchased Hooper's mortgage did National pursue summary judgment on its mortgage. The judgment was entered by the district court in favor of National as a matter of course in a simple foreclosure proceeding.

In the cross-complaint filed by National it alleged only that there remained "unpaid to date the sum of $525,134.00, together with interest at the rate of 8% per annum from the 1st day of January, 1971," for which it prayed a *consent judgment* pursuant to the terms of a stipulation filed; and it asked "[f]or court costs of this action, including a reasonable attorney's fee. . . ." Apparently, no request was made by National for any specified attorney fees, even in the motion for summary judgment, until Maidmore voluntarily tendered payment of the full principal and interest. On the application of Maidmore to have the district court order discharge of the mortgage lien, National asserted for the first time a claim in the sum of $18,500 for attorney's fees due it "either through the provision of § 541 of Title 5 [V.I. Code] . . . and also provisions of the mortgage instrument. . . ." In its cross-complaint, however, and in its prayer there for judgment,

565

National did not invoke the provisions of paragraph 8 of the mortgage; it only sought "court costs of *this action, including* a reasonable attorney's fee." [Emphasis ours.] That claim for a reasonable attorney's fee referred to the "court costs of this action." The district court award of a reasonable attorney's fee was predicated upon services performed in connection with this action in accordance with National's cross-complaint and prayer for judgment.

██ Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g). Western Casualty & Surety Co. v. Southwestern Bell Tel. Co., 396 F.2d 351, 356 (8th Cir. 1968). In the absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded. In the present case, National did not claim attorney's fees for collection services allegedly rendered over the five year period prior to the filing of the cross-complaint. If attorney fees per se are special damages which must be specifically pleaded, "special" attorney's fees, such as pre-foreclosure fees and costs are a fortiori special damages which must be pleaded.

The Federal Rules of Civil Procedure contain generous provisions for amendment of pleadings, Rule 15(a), but no motion was made in the present case for any such amendment to include the prayer for special damages. Rule 15(b) provides that when issues not raised by the pleadings are tried by implicit consent, the issues shall be treated as if the pleadings had been amended. In the present case, however, attorneys for Maidmore did not impliedly accept the issue of special damages for collection costs. In fact, at the hearing, Maidmore specifically objected to this issue:

Your Honor, we concede the fact that the Court ordinarily does grant some attorneys' fees. *We do not concede the fact that there*

*has been any demand* or showing or any reason why we should have to pay attorneys' fees of $18,500. [Emphasis ours.]

The award of $3,000 to National for attorney fees in connection with the present case was fair and reasonable. As we pointed out in Lucerne Investment Co. v. Estate of Belvedere, Inc., 7 V.I. 242, 245–47, 411 F.2d 1205, 1207–08 (3d Cir. 1969), no special legal skills or effort is required to process an uncontested foreclosure action.

The judgment of the district court will be affirmed.