**SAPPHIRE HOUSE CONDOMINIUM ASSOCIATION, Plaintiff**

**v.**

**HARTHY BROTHERS, THE PEOPLES' BANK OF THE VIRGIN ISLANDS, JANICE B. DONASTORG, and AMERICAN CARIB-BEAN REALTY ENTERPRISES, INC., Defendants**

Civil No. 412/75

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 12, 1979

DANIEL C. LEARNED, ESQ., St. Thomas, V.I., *for plaintiff*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for Harthy Brothers*

 . , ' '

JOHN A. ZEBEDEE, ESQ. (DIANE MARTIN POMPER, ESQ.), St. Thomas, V.I., *for Federal Deposit Insurance Company*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

This matter is before the court on a motion for summary judgment by defendant Peoples' Bank of the Virgin Islands by its receiver, Federal Deposit Insurance Company (hereinafter FDIC), in which it seeks attorney's fees.

Plaintiff Sapphire House Condominium Association (hereinafter Sapphire) initially sued Harthy Brothers for debt and foreclosure for failure to pay common charges. FDIC was joined as defendant as the first priority mortgagee on defendant Brothers' condominium unit. FDIC, in addition to defending its lien against the Sapphire claim, cross-claimed against defendant Brothers for foreclosure of the mortgage because of Brothers' default on mortgage payments. A consent judgment was entered by which Sapphire's complaint and Brothers' counterclaim were dismissed with prejudice as between Sapphire and Brothers. FDIC then filed a memorandum in support of its previously asserted claim for recovery of attorney's fees from defendant Brothers, and followed that with its present motion for summary judgment. FDIC claims attorney's fees from defendant Brothers on two grounds—for defending the suit by Sapphire and on its cross-claim against Brothers.

 Preliminarily, it must be stated that claims for attorney's fees are special damages that must be specifically pleaded under Rule 9(g), Fed. R. Civ. P., 5 V.I.C. App. I, R. 9, 5 V.I.C. App. IV, R. 7; Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., 9 V.I. 560, 474 F.2d 840 (3d Cir. 1973). The purpose of requiring that special dam-

ages such as attorney's fees be specifically pleaded is to put a defendant on notice of and thereby prevent surprise at trial concerning the extent and character of the claim. See generally 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1310 (1969). Since attorney's fees for litigation are items of special damage, "special" attorney's fees, such as pre-foreclosure fees and fees for collateral litigation, are a fortiori special damages that must be specifically pleaded. Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., supra.

FDIC in its answer and cross-claim sought only judgment against defendant Brothers in the amount of $12,587.14 plus interest and "attorney's fees and costs." Thus, it initially appeared that FDIC was seeking attorney's fees only pursuant to 5 V.I.C. § 541 for services performed in connection with FDIC's cross-claim for foreclosure and that Brothers was not put on notice of FDIC's claim for attorney's fees for having to appear and defend its lien against Sapphire's suit. In fact, the claim for attorney's fees pursuant to a clause in the mortgage was not invoked by FDIC until it filed its response to Brothers' Second Request for Admissions.

In response to a request that FDIC admit that defendant Brothers was current in her mortgage payments, FDIC admitted that, but denied

that she had paid other sums due pursuant to the mortgage document. Specifically there are due the costs and attorney's fees incurred in collection of those sums and in defense of this suit as is set forth in Paragraph 10 of the First Priority Mortgage attached to the Answer and Cross-claim as Exhibit B.[1]

FDIC, however, did not move pursuant to Fed. R. Civ. P. 15(a) to amend its answer and cross-claim to include a prayer for special damages. To the contrary, FDIC stated

---

[1] FDIC's Response to Second Request for Admissions, No. 2, filed May 23, 1979.

568

in its pretrial memorandum of May 29, 1979, that it had no amendments. In the same memorandum, though, it did present its claim that "Brothers owes it whatever costs and attorney's fees accrue in this motion pursuant to paragraph 10 of the First Priority Mortgage." As a result, the court's pretrial order required counsel to submit memoranda specifically addressing the issue of FDIC's entitlement to attorney's fees.

■ When an issue not raised by the pleadings is tried by express or implied consent of the parties, the issue shall be treated as if the pleadings had been amended. Fed. R. Civ. P. 15(b); Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., supra. In this instance, Brothers must be said to have consented to trial of the issue of special damages for collection costs and defense of the action by Sapphire against FDIC. At no time did she object to the issue. Indeed, in Brothers' pretrial memorandum of July 5, 1979, she stated her intent to amend her pleadings to include a claim for indemnification for attorney's fees "that may be due and owing to Federal Deposit Insurance Company." She stated further that those attorney's fees were $315 "as of Attorney John Zebedee's last bill on May 23, 1979." Moreover, as stated, the Pretrial Order of July 17, 1979, specifically embodied FDIC's claim and Brothers did not object. Accordingly, the issue of special damages for attorney's fees based on the mortgage clause will be treated as if the pleadings were amended to assert the claim. Fed. R. Civ. P. 15(b).

FDIC claims attorney's fees for defending its lien in the action by Sapphire on the basis of contract law and a clause in the mortgage that provides:

10. That if any action or proceeding be commenced to which the Mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage, all sums paid by the Mortgagee for the expense of any litigation to prosecute or defend

the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the Mortgagor within 15 days after written demand, together with interest thereon at the legal rate, and any such sum and the interest thereon shall be a lien on the Mortgaged Premises, prior to any right, or title to, interest in or claim upon the Mortgaged Premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured hereby, the provisions of law respecting the recovery of costs, disbursements and allowances shall prevail unaffected by this covenant.

■ Brothers without citation to any authority asserts that the mortgage clause should not be enforced because it is part of an adhesion contract in which Brothers had no bargaining power. The court believes this assertion to be without merit. The mortgage clause, which does not attempt to fix the fee but merely provides for reasonable counsel fees, appears to be neither unreasonable nor unconscionable. Manchester Gardens, Inc. v. Great West Life Assur. Co., 205 F.2d 872 (D.C. Cir. 1953). There being no statute in the Virgin Islands prohibiting a contractual stipulation for attorney's fees in a mortgage, the court regards the mortgage clause sub judice as valid and enforceable. See, e.g., Rubenstein v. Nourse, 70 F.2d 482 (8th Cir. 1934); see also Maidmore Realty Co., Inc. v. Maidmore Realty Co. Inc., supra.[2]

■ Where a mortgage contains a stipulation fixing the amount or percentage of attorney's fees, the court may enforce the contract as it stands, so long as the stipulation is not unreasonable, excessive or usurious. Budgagher v. Sunnyland Enterprises, Inc., 90 N.M. 365, 563 P.2d 563

---

[2] Because of the holding in Maidmore, the Third Circuit never addressed the issue of enforcement of the mortgage clause before it. The Circuit Court, however, quoted the District Court and cited its reluctance to enforce the provision of the mortgage clause because it also involved attorney's fees for preforeclosure services not connected with the litigation. As can be seen from the clause at issue here, only "sums paid by the Mortgagee for the expense of any litigation" are recoverable.

(1977); Foulke v. Hatfield Fair Grounds Bazaar, Inc., 196 Pa. Super. 155, 173 A.2d 703 (1961). However, notwithstanding a stipulation in the mortgage, the court may reduce the amount and award what is fair and reasonable. Bud[g]agher v. Sunnyland Enterprises, Inc., supra; Foulke v. Hatfield Fair Grounds Bazaar, Inc., supra. Since the mortgage before the court provides only for "reasonable counsel fees," the court clearly may review counsel's bill of costs to determine whether it is fair and reasonable and will do so consistent with 5 V.I.C. § 541.

 Counsel for FDIC submitted a bill of costs showing four hours attorney's time and $4.50 in travel and copying costs for defending the action by Sapphire.[2a] At a rate of $60 per hour, FDIC claims $244.50 as costs and attorney's fees for that portion of the case. An hourly rate of $60 for attorney's fees is fair and reasonable. Tyler v. American Airlines, Inc., Civil No. 76-369 (D.V.I., Div. St. T. & St. J., June 21, 1979); Huggins v. Maduro, Civil No 77-8 (D.V.I., Div. St. T. & St. J., February 26, 1979). Thus, FDIC may recover $60 an hour for those hours specifically devoted to defending the action by Sapphire against FDIC.

 The bill of costs, however, also lists 1.25 hours for research and preparation of a brief concerning FDIC's entitlement to attorney's fees. This, the court believes, does not fall within the ambit of the mortgage clause, which provides for "the expense of any litigation to prosecute or defend the rights and lien created by this mortgage."

FDIC also seeks attorney's fees pursuant to 5 V.I.C. § 541 as the prevailing party on its cross-claim to foreclose defendant Brothers' mortgage. In this regard, FDIC argues that it is the "prevailing party" because defendant Brothers did not become current on her mortgage, thus ob-

---

[2a] Travel and copying costs are expenses "normally incurred in the operation of a law office and should be absorbed under that heading." Todman v. Rabsatt, Civil No. 419-1976 (D.I.V., Div. St. T. & St. J., June 22, 1978).

viating prosecution of the cross-claim, until after FDIC filed its cross-claim. Defendant Brothers opposes an award, contending that she was not given notice that the mortgage would be foreclosed and that, in any event, the cross-claim was unnecessary because FDIC's interest in the mortgage was protected by Sapphire's action.

 It is clear that there can be a "prevailing party" for the purpose of awarding attorney's fees even without a judicial determination on the merits. Brown v. Moran, Civil 78-177 (D.V.I., Div. St. T. & St. J., July 23, 1979). A successful party in a settlement can be considered a "prevailing party," Brown v. Moran, supra, and the court believes there is no reason why FDIC should not be considered the "prevailing party" on its cross-claim. To be entitled to attorney's fees, however, a "prevailing party" must be truly successful rather than merely the beneficiary of a nuisance suit. Brown v. Moran, supra. In determining whether to award attorney's fees, the court should look to the need for the action and whether the prevailing party is successful on the central issue. Parker v. Mathews, 411 F.Supp. 1059 (D.D.C. 1976).

 Although reluctant to find FDIC merely the beneficiary of a nuisance suit, the court believes that FDIC's cross-claim was unnecessary. Brothers correctly points out that as first priority mortgagee, FDIC's first priority lien would be established and protected in the course of the action by Sapphire without the necessity of a cross-claim. Indeed, both Sapphire's amended complaint and Brothers' amended answer admit the existence and priority of FDIC's lien. Furthermore, Sapphire's lien, which is created by 28 V.I.C. § 922(a), is statutorily subject to a first priority mortgage.[3] Moreover, a first priority mortgagee of rec-

---

[3] 28 V.I.C. § 922(a) provides:
 All sums assessed by the Association of Apartment Owners but unpaid for the share of the common expenses chargeable to any apartment shall

ord is not a necessary party to a foreclosure action by a subsequent lienor, 28 V.I.C. § 532, because a prior mortgagee's interest cannot be affected by an action to foreclose a subsequent lien. The prior mortgagee may be, and often is, joined. The court, however, believes that under these circumstances the first priority mortgagee could adequately protect its interest by asserting the priority of its lien by way of an affirmative defense. Moreover, when it is determined that any defendant has a lien upon a piece of property that is the subject of a foreclosure action, this court is required by 28 V.I.C. § 533 to determine the priority of that defendant's lien and give judgment foreclosing that lien "as if such defendant were a plaintiff in the action."[4] See MGIC Financial Corporation v. Sapphire Bay Resorts, Inc., Civil No. 1974-742 (D.V.I., Div. St. T. & St. J., May 22, 1977).

In addition, FDIC's cross-claim does not appear to have been necessary to cure Brothers' default in her mortgage payments. The record reflects that FDIC's decision to foreclose on a mortgage for default depends on the circumstances surrounding the default and whether satisfactory arrangements have been made by the mortgagor to cure the default.[5] Brothers' affidavit of October 16, 1979, states, and FDIC presents no evidence to the contrary, that she was not given notice of FDIC's decision to foreclose before the filing of the cross-claim. Thus, had FDIC notified de-

---

constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the Virgin Islands, and (ii) all sums unpaid on a first mortgage of record.

[4] Title 28 V.I.C. § 533 provides:

When it is adjudged that any of the defendants have a lien upon the property, the court shall make a like judgment in relation thereto and the debt secured thereby as if such defendant were a plaintiff in the action. When a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.

See also 28 V.I.C. § 534.

[5] FDIC's Answer to Interrogatories, No. 9, March 3, 1979.

fendant Brothers of its intent to foreclose, it is possible that Brothers would have brought her payments current or made adequate arrangements to do so, rendering legal action by way of the cross-claim unnecessary.[6] See Parker v. Mathews, supra.

For the foregoing reasons, FDIC's motion for summary judgment will be granted as to the issue of attorney's fees for defending the action, and denied as to attorney's fees for the cross-claim.

JUDGMENT

This court having rendered a Memorandum Opinion this date, it is

ORDERED that the Motion for Summary Judgment of defendant Peoples' Bank of the Virgin Islands be and hereby is granted in part and denied in part, and it is further

ORDERED that defendant People's Bank be and hereby is awarded judgment against defendant Harthy Brothers in the amount of $240, and it is further

ORDERED that the Amended Complaint against defendants Janice B. Donastorg and American Caribbean Realty Enterprises, Inc., be and hereby is dismissed pursuant to Fed. R. Civ. P. 41(b).

---

[6] The court does not suggest that notice is a prerequisite, but merely notes that FDIC's policy was not to sue until notice of default was given. Consequently, following its own policy FDIC may well have been able to avoid incurring the attorney's fees for which it now seeks indemnification.