As instructed by the Court, Shire divided its billing entries into the three categories. See Shire LLC, 298 F.Supp.3d at 335 ; Pls.' Mem. at 6-9. The following is a description of the work performed by Shire due to Abhai's misconduct:
For category (a) ["time wasted dealing with Abhai's inaccurate stability and dissolution data"], the time entries included in the calculation from September 2016 to April 2017 include:
• time spent analyzing Abhai's ANDA containing dissolution and stability data;
• time spent reviewing Abhai's lab notebooks containing dissolution and stability data;
• time spent working with [Juniper Pharma Services ("Juniper") ] on dissolution testing;
• time spent working on [Dr. Shen Yung Luk's ("Dr. Luk") ] opening expert report related to dissolution testing (including the four pages in his 37-page opening report plus the short description in Appendix E of his dissolution testing methodology);
• time spent working with [Dr. Jennifer Dressman ("Dr. Dressman") ] on her reply report addressing dissolution data;
• time spent preparing Dr. Dressman for deposition;
• time spent reviewing [Dr. Diane Burgess's ("Dr. Burgess") ] expert report on inaccurate dissolution data;
• time spent deposing Dr. Burgess on inaccurate dissolution data;
• time spent preparing Dr. Luk for deposition;
• time spent deposing Abhai/[KVK Tech, Inc. ("KVK") ] employees on inaccurate dissolution data;
• time spent preparing Dr. Dressman and Dr. Luk for trial on inaccurate dissolution data; and *116 • time spent preparing to cross examine Dr. Burgess on inaccurate dissolution data.
...
For category (b)["discovering the litigation misconduct"], the time entries included in the calculation from April 2017 to August 2017 include:
• time spent during first trial reviewing newly disclosed dissolution and stability data;
• time spent opposing Abhai's attempt to amend the pretrial order and introduce evidence at the first trial not produced during fact discovery;
• time spent at the court hearing convened to determine the best path forward;
• time spent drafting discovery requests;
• time spent reviewing Abhai's responses to interrogatories and request for production;
• time spent reviewing Abhai documents produced after the first trial in April 2017;
• time spent pressing Abhai for more information and additional documents;
• time spent moving to compel production of documents and additional information, including related legal research;
• time spent researching the relationship between KVK and Abhai;
• time spent collecting dissolution testing for third parties to show issues with Abhai's testing; and
• time spent preparing for and taking the depositions of Anthony Tabasso, Jordan Rees, Ashvin Pancheal, Frank Nekovanik, Murty Vepuri, Ranga Namburi, Todd Leo, Benjamin Roembke, Sameer Late, and Kevin O'Loughlin.
...
For category (c)["dealing with Abhai's revised stability and dissolution data"], the time entries included in the calculation from April 2017 to September 2017 include:
• time spent developing a response to the revised stability and dissolution data;
• time spent analyzing Abhai's document productions in light of revised stability and dissolution data;
• time spent with Dr. Luk and Juniper regarding new dissolution studies being conducted;
• time spent with Dr. Dressman on a supplemental expert report addressing Abhai's revised stability and dissolution data;
• time spent working with consulting experts to understand issues raised by the revised dissolution data;
• time spent collecting information about other dissolution studies for Adderall XR, including those in Shire's NDA;
• time spent moving to compel Abhai to produce more documents and provide additional information relevant to understanding the revised stability and dissolution data; and
• time spent preparing Dr. Dressman for the second trial.
Shire's total request for fees and costs as a result of the misconduct is $2,335,034.91. See Pls.' Mem., Ex. A at 86. Abhai disagrees and argues that Shire's award should be reduced to $998,465.91. Def.'s Resp. at 16. Abhai argues that Shire is not entitled to all the fees associated with the following categories of billing entries:
• "time spent analyzing Abhai's ANDA containing dissolution and stability data;"
• "time spent reviewing Abhai's lab notebooks containing dissolution and stability data;"
• "time spent working with Juniper on dissolution testing;"
*117 • "time spent working on Dr. Luk's opening expert report related to dissolution testing;"
• "time spent preparing Dr. Luk for deposition;"
• "time spent preparing Dr. Luk for trial on inaccurate dissolution data;"
• "Shire's discovery motion practice;"
• "Shire's depositions of current and former KVK employees;"
• "time spent researching the relationship between KVK and Abhai and the ownership of KVK;"
• "time spent with Dr. Luk and Juniper regarding new dissolution studies being conducted" and "work performed by Dr. Luk and Juniper;"
• "time spent collecting dissolution testing [from] third parties;"
• "time spent collecting information about other dissolution studies for Adderall XR;" and
• "fees and costs associated with Dr. Dressman."
Id. at 4-14 (quoting Pl's Mem. at 7-9).
Abhai is correct that Shire is not entitled to all the fees associated with the above-referenced entries because they are not all but-for results of Abhai's misconduct. See Goodyear Tire & Rubber Co. v. Haeger, --- U.S. ----, 137 S.Ct. 1178, 1187, 197 L.Ed.2d 585 (2017).
A. Standard
Federal courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. at 1186 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ). An assessment of attorney's fees is a proper sanction. Id. The assessment, however, must be compensatory and not punitive. Id. The goal is to "redress the wrong party 'for losses sustained' " as a result of the improper conduct. Id. (quoting Mine Workers v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) ). "The complaining party [ ] may recover 'only the portion of his fees that he would not have paid but for' the misconduct." Id. at 1187. "This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses -- yet still allows it to exercise discretion and judgment." Id." 'The essential goal' in shifting fees is 'to do rough justice, not to achieve auditing perfection.' " Id. (quoting Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) ).
1. Category A: Time Wasted Dealing with Inaccurate Data
Abhai claims that Shire is not entitled to recover fees for time spent analyzing and reviewing Abhai's Abbreviated New Drug Application ("ANDA") dissolution and stability data and reviewing Abhai's lab notebooks containing the data acquired between September 2016 and April 2017, before the discovery of Abhai's misconduct. Def.'s Resp. at 4-5. Abhai also argues that Shire is not entitled to any fees and costs associated with Dr. Luk and Juniper, as well as fees and costs associated with Dr. Dressman, incurred during the relevant time frame. Id. at 5-6.
Abhai is correct that Shire is not entitled to all the fees associated with time spent analyzing Abhai's ANDA stability and dissolution data. Shire is only entitled to the costs it incurred reviewing the incorrect dissolution data. Abhai provided Shire with thirty-eight dissolution tests performed on different strengths of Abhai's ANDA Product, five of which were incorrect. Shire LLC, 298 F.Supp.3d at 309-10. Shire would have still reviewed the other thirty-three tests, regardless of the five incorrect tests. See generally Goodyear Tire & Rubber Co., 137 S.Ct. at 1186.
*118 Therefore, Shire's award will be reduced by 86.8% to account for the correct data, or $9,004.63. See infra Appendix A.[1]
Shire cannot recover for Dr. Luk's or Juniper's work because Dr. Luk performed his own independent dissolution analysis on samples of Abhai's ANDA Product. Rose Decl. I, Ex. D at 5; Shire LLC, 298 F.Supp.3d at 308-09. Neither Dr. Luk's testimony nor his expert report contained any reference to the incorrect data. See Rose Decl. I, Ex. D. Therefore, the Court will reduce Shire's award by $23,452.67.[2] See infra Appendix A.
The Court will not award Shire fees for work performed by Dr. Dressman on the correct stability data prior to the discovery of the misconduct, because these are not proper but-for tasks. As one of Shire's key experts, Dr. Dressman would have analyzed these numbers at least once to form her opinion as to whether Abhai's ANDA Product infringed on Shire's patents. Shire's award for Dr. Dressman's work will be reduced by 86.8%, or $203,616.74. See infra Appendix A.
2. Discovering the Litigation Misconduct
Abhai argues that Shire should not be reimbursed for motions to compel discovery, for depositions performed on current and former KVK employees, and for time spent researching the relationship between KVK and Abhai and the ownership of KVK, between the period of April 2017 and August 2017. Def.'s Resp. at 8-12.
During the above time period, Shire filed three motions to compel discovery. See ECF Nos. 186, 196,[3] 218. Only one motion was allowed in part. See ECF No. 195. Shire is not entitled to recover for unsuccessful motions. See United States v. One Star Class Sloop Sailboat built in 1930 with hull no. 721, named "Flash II", 546 F.3d 26, 39 (1st Cir. 2008) ("[A]n inquiring court may simply exclude time spent in litigating [ ] unsuccessful claims.... [T]ime invested in issues that are litigated profligately, unnecessarily, or without benefit to the prevailing party may be disallowed."); Specialty Retailers, Inc. v. Main Street NA Parkade, LLC, 804 F.Supp.2d 68, 74 (D. Mass. 2011) (Neiman, J.) (reducing fees for time spent on "unsuccessful motions to dismiss"). The total amount of money expended on the three motions totaled $302,593.00. See infra Appendix B. It is unclear how much of those expenses relate to the motion that was granted in part. Therefore, the total will be divided equally among the three motions. Each motion would then have a cost of $100,864.33. Shire is entitled to half of $100,864.33 ($50,432.17) to account for the motion that was granted in part. Therefore, Shire's award will be reduced by $252,160.83. See infra Appendix B.
Shire is entitled to the costs associated with the deposition of current and former KVK employees, as well as time *119 spent researching the relationship between KVK and Abhai and the ownership of KVK, because these tasks were taken in order to determine who had knowledge of the incorrect dissolution data. Pls.' Mem. at 4. But for the misconduct, Shire would not have engaged in the aforementioned tasks.
3. Dealing with Abhai's Revised Stability Dissolution Data
Abhai argues that Shire is not entitled to recover for the time spent with and worked performed by Dr. Luk and Juniper regarding the new dissolution data, analysis of third party or Adderall XR dissolution data, and fees associated with Dr. Dressman, during the period of April 2017 and September 2017. Def.'s Resp. at 12-15.
Even after Shire received the new and accurate dissolution data from Abhai, neither Dr. Luk nor Juniper conducted any tests or analysis that involved this particular data. See Reply Supp. Expert Report of Dr. Luk ("Dr. Luk Reply Report"), ECF No. 227-1. Rather, Dr. Luk performed new tests on different samples of Abhai's ANDA product, similar to the tests conducted before the misconduct was revealed. See id. Moreover, Dr. Luk's reply supplemental expert report following the misconduct does not reference the correct data. See id. The incorrect data did not affect any of Dr. Luk's prior testing. Any additional testing done by Dr. Luk using Juniper was unnecessary. Therefore, the Court reduces Shire's award by $151,096.59 and $167,891.63, for work conducted by Dr. Luk and Juniper respectively.[4] [5] See infra Appendix C.
Abhai argues that its late disclosure is not the but-for cause of Shire's third party testing of Adderall XR. Def.'s Resp. at 13. It is unclear to the Court how Abhai's misconduct would require Shire to perform third party testing on Adderall XR. Therefore, Shire's award is reduced by $26,356.50. See infra Appendix C.
Shire is entitled to all fees and costs associated with Dr. Dressman following the revelation of the misconduct. As a result of the misconduct, Dr. Dressman's expert report had to be amended in light of the corrected data. Pls.' Mem. at 4; Rose Decl. I, Ex. J at 1-2. Dr. Dressman was "fully prepped and ready to testify in April and had to be re-prepared to testify for the second time when trial resumed in September." Pls.' Reply at 4. Shire's award will thus not be reduced to account for Dr. Dressman's fees and costs.
B. Calculation of Fees
The table below illustrates the fees requested by Shire, the Court's reduction, and the fees ultimately awarded to Shire.
*120 Amount Shire's Request $2,335,034.91 Abhai's Request for Reduction $1,336,569.00 Court's Reduction $833,579.59 Total Award to Shire: $1,501,455.32
III. CONCLUSION
For the foregoing reasons, this Court awards Shire attorneys' fees and costs totaling $1,501,455.32.
SO ORDERED.
Attachment
Appendix A: Shire's Category A: "Time Wasted Dealing with Inaccurate Data" Relevant Billing Entries
Dissolution and Stability Data in Abhai's ANDA and Lab Notebooks Date Amount Description 9/16/16 $570.00 Review and analyze Abhai lab notebooks. 10/2/2016 $1,299.50 Review Abhai ANDA. 10/15/16 $370.00 Emails re: Abhai's dissolution tests. 10/15/16 $370.00 Emails re: Abhai's dissolution tests. 11/2/2016 $237.50 Compile laboratory notebooks for review by Juniper pharma. 11/8/2016 $1,187.50 Review and analyze Abhai document production; analyze stability data and draft email to team re: same. 11/28/16 $2,373.00 Review Abhai ANDA and tabulate, analyze dissolution testing results. 11/29/2016 $1,469.00 Tabulate and analyze stability data from Abhai ANDA and research re: Ritalin LA, other enteric drug formulations. 12/13/16 $2,260.00 Review Abhai ANDA to confirm outstanding issues re: dissolution testing. 12/14/16 $237.50 Call w/Juniper pharma re: Abhai lab notebooks. TOTAL : $ 10,374.00[6]
[Editor's Note: The preceding image contains the reference for footnote[6] ].
*121 Fees and Costs Associated with Dr. Luk Date Amount Description 9/28/16 $66.50 Call with Juniper and E. Andersen regarding testing. 10/3/16 $198.00 Correspondence with Juniper re: dissolution testing for 20 and 30 mg strength. 10/4/16 $198.00 Correspondence with Juniper re: testing of Samples. 10/5/16 $237.50 Review dissolution testing protocol and send to Juniper. 10/12/16 $1,188.00 Work on drafting Luk report. 10/14/16 $990.00 Calls with J. Elikan, T. Hamilton, and S. Luk re: expert report. Work on expert report. 10/14/16 $226.00 Meeting with Shen Luk re: infringement report and follow-up with E. Andersen. 10/15/16 $1,188.00 Edit Luk expert report in light of call on 10/14, send to S. Luk. 10/18/16 $282.50 Meeting with S. Luk, Juniper re: infringement report. 10/19/16 $2,046.00 Receive revised draft from S. Luk, revise draft of Luk report, send revised draft to S. Luk. Review and check exhibits to Luk report. 10/20/16 $237.50 Review and analyze Luk expert report. 10/21/16 $522.50 Review and revise Luk expert report and appendix. 10/21/16 $2,310.00 Finalize Luk report for service. 11/2/16 $237.50 Compile laboratory notebooks for review by Juniper pharma. 12/8/16 $1,188.00 Edit Dressman expert report. ($594.00) Correspondence with team re: Dressman/Luk deposition. 12/14/16 $237.50 Call w/ Juniper pharma re: Abhai lab notebooks. 12/14/16 $339.00 Meeting with Juniper re: Abhai dissolution testing. 3/15/17 $4,950.00 Work on Dressman and Luk outlines. ($1,650.67) Answer correspondence and calls re: pretrial submissions. Team meeting (0.4). 3/17/17 $6,270.00 Trial work: Prep session with Dr. ($1,567.50) Jennifer Dressman. Work on Dressman outline. Work on Luk outline. Answer *122 questions from team re: pretrial submissions. 3/18/17 $7,260.00 Trial prep: Prep session with Dr. ($3,630.00) Dressman. Revise Luk outline and slides with J. Elikan. 3/24/17 $10,428.00 Trial prep: Luk direct, Burgess ($3,476.00) cross, opening. 3/27/17 $3,300.00 Attend trial. Conduct Luk direct. ($1,650.00) Objections to Burgess direct. 3/30/17 $380.00 Meeting to discuss briefing on Luk dissolution testing issue. TOTAL: $ 23,452.67 *123 Fees and Costs Associated with Dr. Dressman Date Amount Description 11/22/16 $1,356.00 Preparation for and meeting with Dr. Dressman re: reply report. 11/28/16 $1,808.00 Review notes from Dr. Dressman re: reply report and related research into products and enteric coatings described therein. 11/29/16 $990.00 Call with T. Hamilton and Professor Dressman re: reply report. 11/29/16 $1,130.00 Preparation for and meeting with Dr. Dressman re: reply report. 11/30/16 $924.00 Work with T. Hamilton on outline for Dressman report. Review expert materials. 11/30/16 $3,955.00 Draft and revise outlines of Dressman reply report; correspondence with E. Andersen, team re: same. 12/1/16 $286.50 Review outline for J Dressman responsive report. 12/1/16 $4,633.00 Outline, draft Dressman expert report. 12/2/16 $902.50 Review and analyze Dr. Dressman's reply report outline; draft email to team re: same. 12/5/16 $904.00 Review notes from Dr. Dressman and outline revisions to report. 12/5/16 $1,130.00 Preparation for and meeting with Dr. Dressman re: reply report. 12/6/16 $4,294.00 Revise Dressman expert report. 12/7/16 $4,859.00 Revise Dressman expert report. 12/8/16 $1,188.00 Edit Dressman expert report. Correspondence with team re: Dressman/Luk deposition. 12/8/16 $4,520.00 Revise Dressman expert report. 12/9/16 $990.00 Call with Dr. Dressman re: expert report. 12/9/16 $1,386.00 Edit Dressman report. 12/9/16 $1,017.00 Meeting with Dr. Dressman re: infringement report and preparation for same. 12/10/16 $1386.00 Edit Dressman expert report. 12/12/16 $95.00 Review and analyze dissolution testing protocols for Dressman expert report. *124 12/12/16 $4,802.50 Revise Dressman expert report and confer with E. Andersen re: same; related research. 12/13/16 $1,386.00 Edit Dressman report and send edits to T. Hamilton. 12/13/16 $1,130.00 Meeting with Dr. Dressman re: infringement report and prepare for same, review article from Dr. Dressman. 12/13/16 $1,751.50 Review, revise Dressman expert report. 12/14/16 $924.00 Edit Dressman report. 12/15/16 $990.00 Call with Dr. Dressman re: expert report. Work on Dressman report. 12/15/16 $565.00 Meeting with Dr. Dressman re: infringement report and preparation for same. 12/15/16 $3,785.50 Review, revise Dressman expert report; collect, organize, and check exhibits; create exhibit list and appendices. 12/16/16 $1,650.00 Help finalize Dressman report for service. 12/16/16 $3,446.50 Revise, cite-check and finalize Dressman expert report, exhibits and appendices and confer re: same. 1/9/17 $1,071.00 Review, organize exhibits for Dressman deposition preparation and correspondence re: same. 1/11/17 $2,737.00 Draft Dressman deposition preparation outline and correspondence with D. Parker re: same. 1/12/17 $858.00 Preparation for Dressman deposition. 1/12/17 $3,629.50 Draft, revise Dressman deposition preparation outline and review related materials. 1/13/17 $1,782.00 Preparation for Burgess and Dressman depositions. Correspondence with team re: same. 1/13/17 $1,844.50 Revise Dressman deposition preparation outline and confer with E. Andersen re: same. 1/16/17 $1,914.00 Preparation for Dressman deposition. 1/16/17 $7,162.50 Review expert reports in preparation for meeting with J Dressman and confer with E Andersen re same. *125 1/17/17 $2,508.00 Prepare for Dressman deposition prep with J. Elikan and T. Hamilton. 1/17/17 $2,865.00 Prepare for meeting with J Dressman. 1/18/17 $4,581.50 Deposition preparation meeting with Dr. Dressman. 1/19/17 $4,422.00 Prepare for deposition of Dr. Jennifer Dressman (review materials and prep expert). 1/19/17 $6,207.50 Prepare J Dressman for deposition. 1/19/17 $3,153.50 Deposition preparation meeting with Dr. Dressman. 1/20/17 $5,831.00 Attend Dressman deposition and follow-up with case team re: same. 3/7/17 $5176.50 Draft Dressman direct outline. 3/8/17 $5,295.50 Draft Dressman direct outline. 3/10/17 $3,094.00 Review Dressman and Burgess deposition transcripts and outline cross modules. 3/12/17 $3,366.00 Edit Dressman direct. 3/13/17 $2,865.00 Review J Dressman outline. 3/13/17 $5,414.50 Revise Dressman direct outline. 3/14/17 $6,534.00 Trial prep: Edit Dressman direct with J. Elikan, call with client (0.8), answer questions re: pretrial procedures. 3/14/17 $10,887.00 Work on Dressman direct examination outline, other trial preparation. 3/14/17 $1,428.00 Revise Dressman direct outline. 3/15/17 $4950.00 Work on Dressman and Luk outlines. Answer correspondence and calls re: pretrial submissions. Team meeting (0.4). 3/15/17 $2,677.50 Revise Dressman direct outline. 3/16/17 $6,402.00 Prep session with Dr. Jennifer Dressman. Revise outline/slides re: same. 3/16/17 $6,270.00 Trial work: Prep session with Dr. Jennifer Dressman. Work on Dressman outline. Work on Luk outline. Answer questions from team re: pretrial submissions. 3/17/17 $6,971.50 Meeting with J Dressman in preparation for trial. 3/18/17 $7,260.00 Trial prep: Prep session with Dr. Dressman. Revise Luk outline and slides with J. Elikan. *126 3/18/17 $6,685.00 Meeting with J Dressman in preparation for trial. 3/23/17 $595.00 Revise Dressman direct outline and slides. 3/24/17 $595.00 Trial: Revise Dressman slides and annotated Slides. 3/25/17 $6,545.00 Trial: Revise, revise Dressman annotated slide deck; outline Dressman redirect modules; review McGough direct outline and cite-check/add support. 3/29/17 $6,069.00 Trial: Revise Dressman mock cross modules; draft redirect modules; revise direct slides. 3/30/17 $4,440.50 Review Feifel cross examination outline; attend trial; draft Dressman cross and redirect. 3/31/17 $4,494.00 Draft Dressman cross and redirect. 3/31/17 $9,306.00 Prep for trial: closing, Dressman outline, and shelf life research. 3/31/17 $5,533.50 Trial: Meeting re: Dressman direct outline; revise same; review Dresman slides and correspondence re: same. 3/30/17 $2,975.00 Trial: Meeting to revise Dressman direct outline and slides and preparation for same. TOTAL: $234,581.50[7]
[Editor's Note: The preceding image contains the reference for footnote[7] ].
Appendix B: Shire's Category B: "Discovering the Litigation Misconduct" Relevant Billing Entries
*127 Shire's Discovery Motion Practice Date Amount Description 5/3/17 $476.00 Confer with A. Whitt, D. Parker re: motion to compel and related meet-and-confer and review draft motion to compel. 5/4/17 $107.00 Coordinated with D. Parker and local counsel regarding filing of motion to compel. 5/4/17 $5,082.50 Revise motion to compel. 5/4/17 $476.00 Confer with D. Parker, K. Collins re: motion to compel and review edits to same 5/5/17 $4,066.00 Revise motion to compel discovery and compile exhibits for filing. 5/5/17 $2,706.00 Assist with finalizing all motion to compel documents. Numerous calls re: same. 5/5/17 $960.00 Final review of motion to compel discovery. 5/5/17 $573.00 Review and revise motion to compel. 5/5/17 $4,625.00 Attention to motion to compel. 5/5/17 $1,130.50 Draft motion to compel documents from privilege logs. 5/8/17 $1,387.50 Attention to motion to compel. 5/8/17 $119.00 Correspondence re: motion to compel documents from privilege logs 5/8/17 $3,332.00 Draft motion to compel documents from privilege logs. 5/9/17 $2,193.50 Reviewed motion to compel briefing, including opposition from Abhai. Began reviewing document productions from Abhai. Reviewed reply in support of motion to compel and conferred with T. Hamilton regarding same. 5/9/17 $5,724.50 Draft reply in support of motion to compel discovery and compile exhibits for filing. 5/9/17 $330.00 Call with K. Collins re: motions to compel and discovery. 5/9/17 $726.00 Review Abhai's Opposition to Motion to Compel call logs/requests 88-90.
*128 Send to client. Call with D. Parker re: same (0.2). 5/9/17 $1,650.00 Edit privilege motion to compel, send email to team re: same. 5/9/17 $955.00 Draft introduction for reply in support of motion to compel. 5/10/17 $3,049.50 Assisted with finalization of reply in support of motion to compel. Conducted research and analyzed cases discussing choice of discovery methods and privilege issues. Drafted and revised declaration discussing time and expense required for discovery requested from Abhai. Reviewed draft of reply in support of motion to compel. Continued reviewing documents produced by Abhai. 5/10/17 $5,564.00 Draft reply in support of motion to compel discovery and compile exhibits for filing. 5/10/17 $1,050.50 Work on reply brief on motion to compel. 5/10/17 $2,775.00 Attention to motion to compel. 5/10/17 $476.00 Draft declaration of S. Bilbrey and review related reply brief on motion to compel, confer with A. Whitt, K. Collins re: same. 5/10/17 $714.00 Revise motion to compel documents from privilege logs and confer with E. Andersen re: same 5/11/17 $2,247.00 Draft reply in support of motion to compel discovery and compile exhibits for filing. 5/11/17 $396.00 Review of stability documents. Call with K. Collins re: motion to compel (0.2). 5/11/17 $528.00 Answer questions re: motion to compel documents. Draft and read correspondence re: same. 5/11/17 $2,674.00 Review draft reply brief on motion to compel production of documents and draft motion re attorney-client privilege; review treatise on scope of work product immunity doctrine. 5/11/17 $2,775.00 Attention to reply in support of motion to compel.
*129 5/12/17 $1,123.50 Reviewed motion to compel briefing. Reviewed and analyzed documents related to Abhai's dissolution testing. Conferred with D. Parker regarding same. 5/12/17 $1,123.50 Revise reply to motion to compel and compile exhibits. 5/12/17 $1,380.00 Reviewed motion to compel re privilege and provided comments. 5/12/17 $480.00 Reviewed amended reply to motion to compel. 5/12/17 $1,337.00 Revise motion to compel and draft, exchange emails re same. 5/12/17 $1,387.50 Attention to motion to compel on privilege calls. 5/12/17 $2,312.50 Attention to reply in support of motion to compel. 5/17/17 $4,280.00 Draft motion to compel production of information designated as non-responsive. 5/17/17 $1,387.50 Attention to motion to compel. 5/17/17 $773.50 Review, edit combined motion to compel. 5/17/17 $2,499.00 Revise motion to compel production of privileged documents. 5/18/17 $3,317.00 Revise motion to compel discovery. 5/18/17 $477.50 Review draft motion to compel. 5/18/17 $4,625.00 Work on motion to compel and numerous emails with team re: same. 5/18/17 $178.50 Correspondence re: exhibits to combined motion to compel. 5/18/17 $297.50 Review revised combined motion to compel. 5/18/17 $773.50 Review, edit combined motion to compel. 5/19/17 $2,775.00 Work on motion to compel and numerous emails with team re: same. 5/22/17 $2,312.50 Attention to various discovery issues and motion to compel. 5/24/17 $382.00 Review opposition to motion to compel. 5/24/17 $925.00 Attention to various discovery issues and motion to compel. 5/25/17 $1,850.00 Attention to various discovery issues and motion to compel.
*130 5/26/17 $924.00 Calls with K. Collins and J. Elikan re: discovery issues (0.3). Review materials and send J. Dressman information re: Shire and Abhai dissolution (0.4). Review opposition to motion to compel (0.7). 5/26/17 $286.50 Exchange e-mails re reply brief on motion to compel. 5/26/17 $1,387.50 Attention to reply in support of motion to compel. 5/30/17 $1,444.50 Reviewed motion to compel briefing. Began reviewing and categorizing documents produced in recent productions from Abhai. 5/30/17 $3,638.00 Revise reply in support of motion to compel. 5/30/17 $925.00 Attention to reply in support of motion to compel. 6/7/17 $1,123.50 Prepare for fact deposition. 6/7/17 $1,391.00 Draft talking points for motion to compel 6/16/17 $3,317.00 Prepared for deposition of KVK Tech fact witnesses. Conferred with D. Parker and K. Collins regarding depositions, filing a motion to compel, and research project regarding adverse inferences when asserting attorney-client privilege. Drafted and circulated proposed schedule of pre-trial deadlines. 6/19/17 $2,332.00 Conduct legal research regarding motion to compel depositions and discovery; draft motion to compel re: same. 6/20/17 $704.00 Conduct legal research regarding the standard for a motion to compel depositions and discovery; communicate with T. Park re: same. 7/3/17 $1,712.00 Calls w/ K. Collins et al. and J. Cieluch re: motion to compel. 7/3/17 $3,564.00 Discuss discovery issues and motion to compel with D. Parker, conduct legal research regarding privilege waiver issues, draft summary of legal research findings and recommendation, analyze deposition testimony in support of discovery requests.
*131 7/5/17 $3,514.50 Conduct legal research re privilege issues, analyze deposition testimony re discovery, draft summary of legal research and analysis, discuss motion to compel with team, draft motion to compel regarding privilege waiver issues, attend team meeting regarding outstanding items, discuss motion regarding expert witness testimony at trial. 7/6/17 $1,011.50 Participate in meet-and-confer and follow-up with K. Collins, D. Parker; further follow-up with J. Cieluch re: related motion to compel. 7/6/17 $1,904.00 Review and revise motion to compel sections re: privilege log entries and review related case law. 7/7/17 $4,950.00 Draft motion to compel regarding privilege waiver issues, conduct research regarding settlement privilege, conduct research regarding the company's ownership related to sanctions, summarize analysis of legal research and discuss findings with team, draft edits to motion to compel based on discussions with T. Hamilton 7/7/17 $2,775.00 Attention to motion to compel. 7/7/17 $714.00 Review and revise motion to compel sections re: privilege log entries and review related case law; correspondence re: same. 7/8/17 $1,444.50 Draft motion to compel. 7/8/17 $925.00 Telephone call with Parker re: motion to compel. 7/9/17 $481.50 Conference call re: motion to compel; prepare for same; draftt email to Abhai re: same. 7/9/17 $742.50 Conduct legal research regarding work product doctrine and waiver, analyze and summarize work product arguments, discuss analysis of work product and motion to compel with K. Collins and D. Parker. 7/8/17 $925.00 Telephone call with Parker, Whitt and Cieluch re: motion to compel.
*132 7/10/17 $3,762.00 Conduct legal research for motion to compel regarding corporate ownership, analyze arguments for motion to compel, discuss same with D. Parker, draft motion to compel; analyze communications logged as privileged and discuss same with D. Parker; conduct research regarding agency law and discuss same with D. Parker 7/11/17 $3,531.00 Revise motion to compel. 7/11/17 $742.50 Conduct legal research regarding attorney-client privilege waiver and work product doctrine waiver, analyze arguments for motion to compel. 7/11/17 $1,850.00 Attention to motion to compel. 7/12/17 $1,980.00 draft letter to opposing counsel regarding availability of expert witnesses, discuss same with E. Andersen, incorporate edits and finalize letter; review motion to compel brief, review discovery production, analyze privilege logs, and analyze work product doctrine protection waiver based on productions 7/12/17 $1,850.00 Attention to motion to compel. 7/12/17 $357.00 Review draft motion to compel. 7/13/17 $2,247.00 Revise motion to compel; circulate to team. 7/14/17 $3,370.50 Draft motion to compel. 7/14/17 $1,881.00 Discuss privilege waiver arguments for motion to compel with D. Parker and K. Collins, conduct legal research regarding subject matter waiver of privilege and work-product protection. 7/14/17 $2,312.50 Attention to motion to compel. 7/14/17 $1,282.50 Assess diligence in support of motion to compel discovery. Review and edit motion to compel discovery. 7/18/17 $3,852.00 Revise motion to compel, compile exhibits. 7/18/17 $2,970.00 Draft motion to compel sections regarding privilege and work-product waiver, draft changes to introduction and conclusion based on same, incorporate edits from team, conduct *133 cite check of legal citations and factual citations, compile and quality check exhibits; research Nekoranik emails and document production, analyze documents regarding Nekoranik to prepare for deposition, draft deposition outline. 7/19/17 $2,782.00 Revise motion to compel and compile exhibits. 4/19/17 $665.00 Begin drafting motion to compel production of documents. 4/20/17 $1,662.50 Draft motion to compel production of documents and information. 4/21/17 $1,282.50 Draft and revise motion to compel production of documents. 4/24/17 $1,230.50 Conferred with K. Collins and D. Parker regarding Mot. to Compel. Conferred with D. Parker regarding outline of motion to compel. 4/24/17 $214.00 Meeting w/ K. Collins and A. Whitt re: motion to compel. 4/24/17 $3,370.50 Review Abhai document productions and discovery correspondence; draft outline for motion to compel. 4/24/17 $95.00 Call with D. Parker regarding motion to compel and status of Abhai production. 4/25/17 $1,016.50 Continued reviewing Abhai document productions. Discussed productions and motion to compel with D. Parker. 4/26/17 $2,728.50 Draft outline for motion to compel. 4/26/17 $264.00 Meeting with A. Whitt re: stability data and motions to compel, call with K. Collins re: same. 4/27/17 $5,189.50 Draft motion to compel. 4/27/17 $1,782.00 Draft motion to compel (R. Williams) and review materials related to same. 4/27/17 $595.00 Review outline for motion to compel and confer with K. Collins, D. Parker re: same. 4/28/17 $107.00 Draft motion to compel. 4/28/17 $3,234.00 Finish motion to compel. Meetings with J. Elikan re: same. Edit same. 4/28/17 $1,387.50 Attention to motion to compel. 4/28/17 $2,082.50 Revise motion to compel and related research. *134 5/1/17 $5,457.00 Draft and revise motion to compel. 5/1/17 $2,312.50 Attention to motion to compel. 5/1/17 $238.00 Confer with D. Parker re: motion to compel. 5/2/17 $2,675.00 Reviewed draft of motion to compel and conferred with D. Parker and K. Collins regarding same. Reviewed document productions from Abhai. Identified issues to discuss during meet and confer with opposing counsel. 5/2/17 $3,959.00 Draft and revise motion to compel. 5/2/17 $2,775.00 Attention to motion to compel. 5/2/17 $416.50 Confer with D. Parker, K. Collins re: motion to compel, privilege issues related to same. 7/17/17 $5,197.50 Conduct legal research regarding subject matter waiver of privilege and work-product protection, draft motion to compel based on analysis re same, incorporate edits from team, conduct cite check of legal citations and factual citations, compile and quality check exhibits; research Nekoranik emails and document production, analyze documents regarding Nekoranik to prepare for deposition, draft deposition outline. 8/1/17 $3,700.00 Attention to motion to compel and discovery issues. 8/2/17 $3,700.00 Attention to motion to compel and discovery issues. 8/4/17 $4,868.50 Draft reply in support of Shire's motion to compel Tabasso's cell phone and other requests. 8/4/17 $480.00 Reviewed reply memorandum on motion to compel Tabasso documents. 8/4/17 $4,059.00 Analyze motion to compel response, discuss same with David Parker; draft and revise pretrial memorandum, discuss sanctions with team, edit and finalize pretrial memorandum for partner review; analyze Abhai's deposition designations, analyze counter-designations. 8/5/17 $2,514.50 Draft reply in support of Shire's motion to compel. *135 8/5/17 $4,207.50 Draft reply in support of motion to compel, conduct factual and legal citation check, edit and revise reply, draft declaration in support of reply, compile exhibits; analyze deposition designations and counter designations, discuss counter designations with team. 8/6/17 $2,086.50 Revise reply in support of Shire's motion to compel. 8/6/17 $1,850.00 Attention to reply to motion to compel. 8/7/17 $960.00 Final review of Reply to Motion to Compel Tabasso. 8/7/17 $1,850.00 Attention to reply to motion to compel. 8/8/17 $1,230.50 Research case law for motion to compel. 8/8/17 $2,387.50 Revise motion to serve reply reports, motion to compel. 8/11/17 $1,850.00 Attention to motion to compel. 6/7/17 $476.00 Confer with D. Parker re: hearing on motion to compel and related research. 6/8/17 $297.50 Confer with D. Parker re: hearing on motion to compel. 6/7/17 $476.00 Confer with D. Parker re: hearing on motion to compel and related research. 6/8/17 $297.50 Confer with D. Parker re: hearing on motion to compel. 7/5/17 $2,942.50 Draft motion to compel. 7/5/17 $1,850.00 Attention to motion to compel and discovery issues, including telephone call with expert. 7/6/17 $1,979.50 Internal meetings re: motion to compel; meet and confer with Axinn re: same. 7/6/17 $3,049.50 Draft motion to compel. 7/6/17 $1,850.00 Attention to motion to compel. 7/10/17 $4,119.50 Revise motion to compel. 7/10/17 $749.00 Revise motion to compel; arrange for filing. 7/29/17 $1,070.00 Draft outline for revisions to motion to compel. *136 7/29/17 $346.50 Analyze supplement to motion to compel issues. 6/2/17 $720.00 Conference with K. Collins and J. Elikan regarding motion to compel documents from Abhai; issues to be covered at upcoming scheduling conference. 5/3/17 $3,103.00 Continued reviewing documents produced by Abhai. Prepared for and drafted outline for meet and confer with opposing counsel. Participated in meet and confer. Drafted and circulated followup e-mails to opposing counsel regarding meet and confer. Reviewed motion to compel briefing. E-mailed with Dr. Williams regarding dissolution testing and reviewed engagement letter for Dr. Williams from NDA Partners. 5/3/17 $481.50 Prepare for discovery meet and confer; participate in same. 5/3/17 $5,564.00 Draft and revise motion to compel. 5/3/17 $477.50 Review motion to compel. 5/3/17 $2,775.00 Attention to motion to compel. 5/4/17 $2,442.00 Review and comment on motion to compel draft. Draft correspondence re: same. 5/4/17 $1,080.00 Reviewed motion to compel discovery. 5/4/17 $2,775.00 Attention to motion to compel. 8/10/17 $2,312.50 Attention to motion to compel. 7/7/17 $3,905.50 Draft motion to compel; conduct legal research re: same; evaluate offer to disclose privileged materials. TOTAL: $302,593.00[8]
[Editor's Note: The preceding image contains the reference for footnote[8] ].
Appendix C: Shire's Category C: "Dealing with Abhai's Revised Stability Dissolution Data" Relevant Billing Entries
*137 Time Spent with Dr. Luk and Juniper Date Amount Description 5/8/17 $2,244.00 Set up dissolution testing. Emails with S. Luk and R. Williams. Call with R. Willaims re: same. Review Williams engagement letter and send comments to team. Calls with J. Elikan and K. Collins re: testing. Send and explain key materials to R. Williams and S. Luk. 5/8/17 $833.00 Meeting with M. Davies, S. Luk re: dissolution testing of Abhai samples, forensic investigation of prior Abhai dissolution testing, and follow-up correspondence. 5/12/17 $726.00 Call with R. Williams and S. Luk re: dissolution testing and litigation. Send documents to Dr. Williams with explanation. 5/12/17 $859.50 Participate in teleconference with R Williams, S Luk re dissolution testing. 5/16/17 $264.00 Call with S. Luk re: dissolution (0.2), calls with K. Collins re: same and motion to compel (0.20). 5/17/17 $330.00 Call with S. Luk re: dissolution testing. Correspondence with team re: same. 5/18/17 $66.00 Call with S. Luk re: dissolution testing update. 6/1/17 $396.00 Call with S. Luk (0.4), work on expert report (0.2). 6/13/17 $2,112.00 Work on Luk report, calls re: same. 6/13/17 $4,297.50 Work on S Luk report and confer with same. 6/15/17 $4,686.00 Work on Luk, Williams, and Dressman reports. Calls re: same. Work on notes about dissolution for depositions, send to team. 7/31/17 $4,297.50 Participate in teleconferences with J Dressman, S Luk, M Davies re D Burgess responsive supplemental report and review same 8/8/17 $477.50 Review draft Shen Luk reply report.
*138 8/17/17 $5,550.00 Prep Dr. Luk for deposition. 8/18/17 $535.00 Finished drafting Reply Brief in ($267.50)[9] support of Motion for Leave to Serve Reply Expert Reports of Drs. Dressman and Luk. 8/18/17 $4,012.50 Attended and assisted with the deposition of Dr. Luk. 8/18/17 $6,475.00 Defend deposition of Sheun Luk. 8/18/17 $595.00 Review Luk deposition transcript. 8/19/17 $990.00 Review Luk deposition. 8/21/17 $4,975.50 Drafted modules with questions on the ($2,487.75) use of sinkers for the deposition of Dr. Burgess. Reviewed and finalized counter designations and objections to Abhai's designations from the depositions of KVK witness. Finalized Reply Brief in support of Motion for Leave to Serve the Reply Expert Reports of Drs. Dressman and Luk. Managed finalization of deposition designation materials in preparation for submission to the court. 8/22/17 $5,136.00 Drafted sections of Proposed Findings ($1,712.00) of Fact and Conclusions of La related to the opinions of Dr. Luk and circulated for review. Continued drafting moguls related to the use of sinkers for the deposition of Dr. Burgess. Finalized objections to Abhai's counter-designations form depositions of KVK witnesses. 8/22/17 $476.00 Review, revise opposition to MIL re: ($158.67) Dressman, Williams, and Luk expert opinions. 8/23/17 $297.50 Revise opposition to MIL re: ($99.17) Dressman, Luk, Williams expert opinions. 8/31/17 $4,601.00 Reviewed and revised pretrial filings ($2,300.50) and finalized for filing. Began drafting outline for direct examination of Dr. Luk.
[Editor's Note: The preceding image contains the reference for footnote[9] ].
*139 9/2/17 $8,453.00 Continued preparing for trial by drafting and revising outline for direct examination of Dr. Shen Luk. Conferred with E. Andersen and Dr. Luk regarding same. Participated in witness preparation and practice runs of direct examination of Dr. Luk. Finalized demonstratives for use during direct examination of Dr. Shen Luk. 9/2/17 $4,686.00 Trial prep: work on Luk outline and review pretrial materials. 9/3/17 $8,399.50 Continued preparing for trial by drafting and revising outline for direct examination of Dr. Shen Luk. Conferred with E. Andersen and Dr. Luk regarding same. Participated in witness preparation and practice runs of direct examination of Dr. Luk. Finalized demonstratives for use during direct examination of Dr. Shen Luk. 9/3/17 $8,844.00 Work with S. Luk on direct, cross, and redirect. Revise Luk and Burgess outlines. 9/4/17 $8,185.50 Assisted with trial preparation of Dr. Luk. Reviewed and revised direct outline for examination of Dr. Luk. Drafted outlines on topics for redirect examination of Dr. Luk. Assisted with response to Abhai's Emergency Motion to Exclude Dr. Luk's Testing. Finalized demonstratives for Dr. Luk's testimony and conferred with opposing counsel regarding objections to same. 9/4/17 $11,286.00 Work with Dr. Luk on direct, cross, and redirect. Work on Luk direct and Burgess cross. Work on talking points for preliminaries 9/5/17 $9,416.00 Prepared for first day of trial. Managed collection and organization of materials needed for matters to be addressed in court. Attended trial and assisted with examination of Dr. Luk. Assisted with review and finalization of the outline for the *140 cross-examination of Dr. Burgess and managed finalization of related materials. 9/5/17 $12,012.00 Attend trial: conduct direct and redirect of Dr. Shen Luk. Attend team meeting re: trial. Prep for Burgess cross, revise outline. 6/16/17 $4,818.00 Work on Luk expert report and opposition re: expert discovery. 6/21/17 $3,432.00 Finalize Luk report. Work on opposition and expert reports. Numerous calls and emails re: same. 5/2/17 $660.00 Draft correspondence to S. Luk re: dissolution. Draft correspondence to team re: same, calls re: same. 8/3/17 $3,049.50 Participated in meeting to discuss finalization of draft to the Addendum to the Pretrial Memorandum. Reviewed proposed Supplemental Reply Report of Dr. Luk. Drafted motion for leave to serve the proposed Supplemental Reply Report of Dr. Luk. Participated in teleconference to discuss potential motions in limine. Prepared Shire's designations from depositions and Shire's Witness List for service on Abhai. 8/3/17 $1,980.00 Work on Luk reply report and Burgess deposition outline 8/3/17 $600.00 Reviewed motion to serve Dr. Luk reply expert report. 8/3/17 $7,831.00 Preparation meeting with J Dressman and work on draft reply report for S Luk. 8/6/17 $1,188.00 Work on Luk reply. 8/7/17 $1,914.00 Work with Dr. Luk on expert report. 8/7/17 $119.00 Review Luk draft reply report and correspondence re: same. 8/8/17 $2,640.00 Work with S. Luk to finish report, work on associated motion, assist with filing. Correspondence with team re: motions and expert discovery. 8/10/17 $1,452.00 Finalize deposition prep outline for Luk, calls with A. Whitt re: same. 8/18/17 $198.00 Correspondence re: Luk deposition. 4/6/17 $3,696.00 Meetings re: ANDA stability data, call with S. Luk re: same, revise discovery re: same, calls and correspondence re: same. TOTAL: $151,096.59 *141 Analysis of Third Party and/or Adderall XR Dissolution Data Date Amount Description 4/28/17 $357.00 Draft analysis of Adderall XR stability dissolution data. 4/28/17 $2,142.00 Review Par and Amerigen ANDAs to locate dissolution data and other testing results for Adderall XR, Par ANDA Product. 5/8/17 $416.50 Confer with J. Elikan, E. Andersen re: request to Amerigen to use Adderall XR testing results, and related review of Amerigen ANDA. 5/9/17 $764.00 Confer with D Mizerk re Amerigen ANDA information and draft e-mail, review documents re same. 6/5/17 $191.00 Exchange e-mails re Amerigen documents 6/26/17 $286.50 Exchange e-mails re document certification from Par, Amerigen, and review draft of same. 6/27/17 $3,153.50 Review Andrx, Watson, and Barr ANDAs for information on dissolution and other testing of Adderall XR; compile results and perform data analysis. 6/30/17 $4,700.50 Review Barr and Teva ANDAs for information on dissolution and other testing of Adderall XR; compile results and perform data analysis; draft analysis of same. 7/5/17 $1,904.00 Excerpt dissolution documents from Andrx, Watson, Teva, and Barr ANDAs and mark for redaction; review ANDAs. 7/6/17 $535.50 Excerpt dissolution documents from Andrx, Watson, Teva, and Barr ANDAs and mark for redaction, organize same and send to E. Andersen. 4/21/17 $3,391.50 Collect and analyze Adderall XR dissolution data. 4/25/17 $238.00 Confer with J. Elikan re: Adderall XR dissolution results and manufacturing. 4/25/17 $952.00 Draft analysis of Adderall XR dissolution data and Abhai capsule stability dissolution data, and correspondence re: same. 4/26/17 $1,309.00 Review Abhai document productions to locate lab notebooks relating to *142 Adderall XR testing, stability dissolution testing, and send same to expert. 4/26/17 $2,439.50 Review Shire NDA to find stability dissolution data for Adderall XR and compile and analyze same; correspondence with paralegal re: related project; draft analysis for team. 4/27/17 $1,666.00 Compile and analyze Adderall XR stability dissolution data. 4/28/17 $1,910.00 Review materials re dissolution data in the Shire NDA and Abhai ANDA and confer with E Andersen re same. Total: $26,356.50

Appended to this memorandum and order are charts with the relevant billing entries the Court used to calculate the reduction of attorney's fees and costs.

In its reduction, the Court has taken into account billing entries containing multiple tasks that are proper but-for tasks, and has divided the amount of time by the number of tasks. It only reduces the fees by the dollar amount that it cost to perform the tasks that are not proper but-for tasks.

On June 9, 2017, Shire filed an amended motion to its Motion to Compel Production of Documents Withheld or Redacted as Attorney-Client Privileged, Attorney Work Product, or Non-Responsive, ECF No. 196. See Am. Mot. Compel Produc. Docs. Withheld or Redacted as Att'y-Client Privileged, Atty Work Product, or Non-Responsive, ECF No. 206.

The award is not reduced by proper but-for tasks found in billing entries that also incorporate tasks performed with regard to Dr. Luk.

Fees associated with Juniper total $167,891.63. See Pls. Mem., Ex. A at 87.

This is the total amount of money spent analyzing both the correct and incorrect dissolution data. This amount is reduced by 86.8% to account for the correct data.

This is the total amount of money spent analyzing both the correct and incorrect dissolution data. This amount is reduced by 86.8% to account for the correct data.

This the total amount of money expended on the three motions. Shire is only entitled to recover on successful motions.

The amounts in parentheses correspond to the fees associated with Dr. Luk's work alone when a billing entry includes proper but-for tasks. As to those specific billing entries, Shire's fees are reduced by the amounts in parentheses.
following categories of billing entrie